1  Surjit P. Soni  (State Bar No. 127419)
   surj@sonilaw.com
2  Ronald E. Perez (State Bar No. 151199)
   ron@sonilaw.com
3
   THE SONI LAW FIRM
4  55 South Lake Avenue, Suite 720
   Pasadena, California  91101
5  (626) 683-7600 FAX: (626) 683-1199
6  Attorneys for Plaintiff
   Cotapaxi Custom Design
7  and Manufacturing, LLC
8
9               UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11
12 Cotapaxi Custom Design and        ) Case No. CV08-02590 MRP FMOx
   Manufacturing, LLC, a Delaware    )
13 limited liability company, dba    ) COMPLAINT FOR:
   Cotapaxi, Inc.,                   )
14                                   ) 1)  INFRINGEMENT OF U.S. PATENT
                                     )     NO. D475,406 S UNDER
15          Plaintiff,               )     35 U.S.C. § 271(a);
                                     ) 2)  INFRINGEMENT OF U.S. PATENT
16                                   )     NO. D475,741 S UNDER
       vs.                           )     35 U.S.C. § 271(a);
17                                   ) 3)  INDUCEMENT OF PATENT
                                     )     INFRINGEMENT UNDER
18 FANDA ENTERPRISES, INC., a        )     35 U.S.C. § 271(b);
   California corporation and DOES 1 ) 4)  CONTRIBUTORY INFRINGEMENT
19 to 10, inclusive,                 )     UNDER 35 U.S.C. § 271(c);
                                     ) 5)  COMMON LAW UNFAIR
20                                   )     COMPETITION; and
            Defendants.              ) 6)  CONSTRUCTIVE TRUST
21 _____  )
22                                        DEMAND FOR JURY TRIAL
23
24
25
26
27
28

Plaintiff, Cotapaxi Custom Design and Manufacturing, LLC, alleges:

## PARTIES

1.   Plaintiff, Cotapaxi Custom Design and Manufacturing, LLC ("Cotapaxi"), is a Delaware limited liability company with its principal place of business located at 338 Hackensack Street, Carlstadt, New Jersey.  Cotapaxi does business as Cotapaxi, Inc.

2.   Plaintiff is the assignee of the rights in and to the patents-in-suit described below.

3.   Plaintiff is informed and believes, and on that basis alleges that Defendant, Fanda Enterprises, Inc. (hereafter "Defendant" or "Fanda") is a California corporation which has its principal place of business at 2540 Corporate Place, Suite B110 Monterey Park, CA 91754. Defendant does business, *inter alia* on the Internet, as Fanda PromoFactory (See Exhibit "A" attached hereto).

4.   Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names (hereinafter "Doe Defendants"). Plaintiff is informed and believes and thereon alleges that each of the Doe Defendants is responsible in some manner for the acts and occurrences herein alleged.  The true names and capacities of the Doe Defendants are unknown to Plaintiff.  When the true names and capacities of the Doe Defendants are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein.

5.   Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned that all of the Doe Defendants were the agents, servants, employees, joint venturers and/or the alter egos of Fanda and or the remaining Doe Defendants,

1 and the acts of each of the Doe Defendants were within the course

2 and scope of his or her agency, service and employment, and were

3 with permission, consent and ratification of Fanda and each other

4 of the Doe Defendants.

5    6. Plaintiff is informed and believes, and alleges on

6 that basis, that Fanda and each of the Doe Defendants (collectively

7 "Defendants") are subject to the *in personam* jurisdiction of this

8 Court under Fed. R. Civ. P. 4.

9

10    **<u>JURISDICTION AND VENUE</u>**

11    7. This is a civil action for patent infringement,

12 injunctive relief, and damages arising under 35 U.S.C. § 281, and

13 under the laws of the State of California.  This Court has

14 jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

15    8. Venue is proper in this district under 28 U.S.C.

16 §§ 1391(b), 1391(c), and 1400(b) in that the Defendants are doing

17 business in the Central District of California and/or reside in the

18 Central District of California, and offer the infringing product

19 for sale knowing it will be distributed and used within this

20 judicial district.

21

22    **<u>PATENTS-IN-SUIT</u>**

23    9. Plaintiff is a designer, importer and distributor of

24 various products used as promotional gifts by businesses.  It

25 develops new products with unique and distinctive designs and

26 secures all available protections under the Intellectual Property

27 laws of the United States and other countries for its designs.

28 Plaintiff sells its products directly to its customers, or to

1  distributors which in turn offer the products to their customers,

2  for promotional uses with those customers' names and logos

3  imprinted thereon.

4       10.   In about 2002, Plaintiff designed a first pen having

5  a unique and distinctive ornamental design and filed for a design

6  patent for the first pen.  United States Design Patent Number

7  D475,406 S for the first pen was issued by the United States Patent

8  and Trademark Office with an effective date of June 3, 2003 (the

9  "'406 Patent").  A true and correct copy of the '406 Patent is

10  attached hereto as Exhibit "B" and is incorporated herein by this

11  reference.

12       11.   Also in about 2002, Plaintiff designed a second pen

13  having a unique and distinctive ornamental design and filed for a

14  design patent for the second pen.  United States Design Patent

15  Number D475,741 S for the second pen was issued by the United

16  States Patent and Trademark Office with an effective date of June

17  10, 2003 (the "'741 Patent").  A true and correct copy of the '741

18  Patent is attached hereto as Exhibit "C" and is incorporated herein

19  by this reference.   The '406 Patent and the '741 Patent shall be

20  collectively referred to herein as "Plaintiff's Patents."

21       12.   Both the '406 Patent and the '741 Patent are valid

22  and subsisting.

23

24                        **COUNT ONE**

25  **(Infringement of U.S. Patent No. D475,406 S - 35 U.S.C. § 271(a))**

26       13.   Plaintiff hereby incorporates by reference the

27  allegations of paragraphs 1-12 above as of fully set forth herein.

28       14.   Plaintiff is the owner of the '406 Patent.

---

3                          COMPLAINT FOR PATENT INFRINGEMENT

1  Plaintiff has complied with the provisions of the United States
2  patent laws at 35 U.S.C. § 1 *et seq.* with respect to those patents.

3       15.   Plaintiff has not authorized Defendants, or any of
4  them, to make, use, offer for sale, sell or import products
5  infringing Plaintiff's Patents.

6       16.   Plaintiff is informed and believes, and based
7  thereon alleges, that Defendants, and each of them, have infringed
8  the '406 Patent in this District and elsewhere throughout the
9  United States by (among other things) making, using, importing,
10 advertising, offering for sale and/or selling pens infringing
11 Plaintiff's '406 Patent (hereinafter the " First Accused Pens")
12 without Plaintiff's permission or authority.  Attached hereto as
13 Exhibit "D" is an enlargement of four color variations of one
14 example of the First Accused Pens obtained by Plaintiff from
15 Fanda's website (see Exhibit A).  Attached hereto as Exhibit "E"
16 are photographs of one example of the First Accused Pens obtained
17 by Plaintiff.

18       17.   Plaintiff has suffered damages in an amount subject
19 to proof at trial, but in no event less than a reasonable royalty
20 under 35 U.S.C. § 284, at Plaintiff's election.

21       18.   On information and belief, Defendants knew or should
22 have known of Plaintiff's exclusive rights in the patented pen
23 design at the time the infringing activity occurred.  At the very
24 least, a reasonable investigation would have revealed that the
25 designs were and are proprietary to Plaintiff.  Nevertheless,
26 Defendants proceeded knowingly, willfully and with malicious
27 disregard for Plaintiff's rights to infringe Plaintiff's Patents.
28 Plaintiff is therefore entitled to an amount which is treble the

1  amount of Plaintiff's damages found or assessed, and Defendants

2  should not be allowed to take any deductions from their revenue in

3  computing profits, which should be disgorged and awarded to

4  Plaintiff.

5      19.   Pursuant to 35 U.S.C. § 289 Plaintiff seeks the

6  additional remedy of Defendants' revenues attributable to their

7  infringement.  In addition, Plaintiffs seeks an accounting of

8  Defendants' profits, as well as interest and costs.

9      20.   Based on Defendants' willful infringement, Plaintiff

10 believes this to be an "exceptional" case which entitles Plaintiff

11 to attorney's fees pursuant to 35 U.S.C. § 285.

12     21.   Unless enjoined by this Court, Defendant Fanda will

13 continue and expand its acts of infringement of distributing,

14 marketing, advertising, offering for sale, and/or selling

15 infringing products in accord with the claims of the '406 Patent,

16 which will likely cause Plaintiff irreparable harm for which

17 Plaintiff has no adequate remedy at law, and which can only be

18 remedied by injunctive relief.

19     22.   Upon information and belief, one or more of the Doe

20 Defendants have authority and control over the manufacturing,

21 distribution, marketing, advertising, offering for sale, and/or

22 sale of products distributed by Defendant Fanda and willfully and

23 intentionally directed the infringement of the '406 Patent.

24

25                          COUNT TWO

26  (Infringement of U.S. Patent No. D475,741 S - 35 U.S.C. § 271(a))

27     23.   Plaintiff hereby incorporates by reference the

28 allegations of paragraphs 1-22 above as of fully set forth herein.

5                    COMPLAINT FOR PATENT INFRINGEMENT

24.   Plaintiff is the owner of the '741 Patent. Plaintiff has complied with the provisions of the United States patent laws at 35 U.S.C. § 1 *et seq.* with respect to those patents.

25.   Plaintiff has not authorized Defendants, or any of them, to make, use, offer for sale, sell, or import products infringing Plaintiff's Patents.

26.   Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, have infringed the '741 Patent in this District and elsewhere throughout the United States by, among other things, making, using, importing, advertising, offering for sale and/or selling pens infringing Plaintiff's '741 Patent (hereinafter the "Second Accused Pens") without Plaintiff's permission or authority.  Attached hereto as Exhibit "D" is an enlargement of four color variations of one example of the Second Accused Pens obtained by Plaintiff from Fanda's website (see Exhibit A).  Attached hereto as Exhibit "E" are photographs of one example of the Second Accused Pens obtained by Plaintiff.

27.   Plaintiff has suffered damages in an amount subject to proof at trial, but in no event less than a reasonable royalty under 35 U.S.C. § 284, at Plaintiff's election.

28.   On information and belief, Defendants knew or should have known of Plaintiff's exclusive rights in the patented pen design at the time the infringing activity occurred.  At the very least, a reasonable investigation would have revealed that the designs were and are proprietary to Plaintiff.  Nevertheless, Defendants proceeded knowingly, willfully, and with malicious disregard for Plaintiff's rights to infringe Plaintiff's Patents.

COMPLAINT FOR PATENT INFRINGEMENT

1  Plaintiff is therefore entitled to an amount which is treble the
2  amount of Plaintiff's damages found or assessed and Defendants
3  should not be allowed to take any deductions from their revenue in
4  computing profits which should be disgorged and awarded to
5  Plaintiff.

6      29.   Pursuant to 35 U.S.C. § 289 Plaintiff seeks the
7  additional remedy of the Defendants' revenues attributable to their
8  infringement.  In addition, Plaintiffs seeks an accounting of
9  Defendants' profits, as well as interest and costs.

10     30.   Based on Defendants' willful infringement, Plaintiff
11 believes this to be an "exceptional" case which entitles Plaintiff
12 to attorney's fees pursuant to 35 U.S.C. § 285.

13     31.   Unless enjoined by this Court, Defendant Fanda will
14 continue and expand its acts of infringement of distributing,
15 marketing, advertising, offering for sale, and/or selling
16 infringing products in accord with the claims of the '741 Patent,
17 which will likely cause Plaintiff irreparable harm for which
18 Plaintiff has no adequate remedy at law, and which can only be
19 remedied by injunctive relief.

20     32.   Upon information and belief, one or more of the Doe
21 Defendants have authority and control over the manufacturing,
22 distribution, marketing, advertising, offering for sale, and/or
23 sale of products distributed by Defendant and willfully and
24 intentionally directed the infringement of the '741 Patent.

25

26                         **COUNT THREE**

27     **(Inducement of Patent Infringement - 35 U.S.C. § 271(b))**

28     33.   Plaintiff hereby incorporates the allegations of

---

7                                COMPLAINT FOR PATENT INFRINGEMENT

Paragraphs 1 through 32 by this reference as though set forth in full.

34.   Plaintiff is the owner of the '406 Patent and the '741 Patent.   Plaintiff has complied with the provisions of the United States patent laws at 35 U.S.C. § 1 et seq. with respect to those patents.

35.   Plaintiff has not authorized Defendants, or any of them, to make, use, offer for sale, sell, or import products infringing Plaintiff's Patents.

36.   Plaintiff is informed and believes, and based thereon alleges, that Defendants, and each of them, have infringed the '406 Patent and the '741 Patent by actively inducing others, among other things, to make, use, import, advertise, offer for sale and/or sell infringing products without Plaintiff's permission or authority.

37.   Plaintiff has suffered damages in an amount subject to proof at trial, but in no event less than a reasonable royalty under 35 U.S.C. § 284, at Plaintiff's election.

38.   On information and belief, Defendants knew of Plaintiff's exclusive rights in the patented pen designs at the time the infringing activity occurred.   Nevertheless, Defendants proceeded knowingly, willfully, and with malicious disregard for Plaintiff's rights to infringe Plaintiff's Patents.   Plaintiff is therefore entitled to an amount which is treble the amount of Plaintiff's damages found or assessed and Defendants should not be allowed to take any deductions from their revenue in computing profits which should be disgorged and awarded to Plaintiff.

39.   Pursuant to 35 U.S.C. § 289 Plaintiff seeks the

1  additional remedy of the Defendants' revenues attributable to their

2  infringement.   In addition, Plaintiffs seeks an accounting of

3  Defendants' profits, as well as interest and costs.

4         40.   Based on Defendants' willful infringement, Plaintiff

5  believes this to be an "exceptional" case which entitles Plaintiff

6  to attorney's fees pursuant to 35 U.S.C. § 285.

7         41.   Defendants have caused, and continue to cause,

8  irreparable injury to Plaintiff by infringement of Plaintiff's

9  Patents.

10

11                        <u>COUNT FOUR</u>

12       (Contributory Patent Infringement - 35 U.S.C. § 271(c))

13        42.   Plaintiff hereby incorporates the allegations of

14  Paragraphs 1 through 41 by this reference as though set forth in

15  full.

16        43.   Plaintiff is the owner of the '406 Patent and the

17  '741 Patent.   Plaintiff has complied with the provisions of the

18  United States patent laws at 35 U.S.C. § 1 *et seq.* with respect to

19  those patents.

20        44.   Plaintiff has not authorized Defendants, or any of

21  them, to make, use, offer for sale, sell, or import products

22  infringing Plaintiff's Patents.

23        45.   Plaintiff is informed and believes, and based

24  thereon alleges, that Defendants, and each of them, have infringed

25  the '406 Patent and the '741 Patent by, among other things, selling

26  a device which is a material part of the patented invention

27  especially adapted for use in an infringement of Plaintiff's

28  Patents, without Plaintiff's permission or authority.   The

                              9

1 | aforementioned device is not a staple article or commodity of
2 | commerce.

3 |      46.   Plaintiff has suffered damages in an amount subject
4 | to proof at trial, but in no event less than a reasonable royalty
5 | under 35 U.S.C. § 284, at Plaintiff's election.

6 |      47.   On information and belief, Defendants knew of
7 | Plaintiff's exclusive rights in the patented pen designs at the
8 | time the infringing activity occurred.  Nevertheless, Defendants
9 | proceeded knowingly, willfully, and with malicious disregard for
10 | Plaintiff's rights to infringe Plaintiff's Patents.  Plaintiff is
11 | therefore entitled to an amount which is treble the amount of
12 | Plaintiff's damages found or assessed and Defendants should not be
13 | allowed to take any deductions from their revenue in computing
14 | profits which should be disgorged and awarded to Plaintiff.

15 |      48.   Pursuant to 35 U.S.C. § 289 Plaintiff seeks the
16 | additional remedy of the Defendants' revenues attributable to their
17 | infringement.  In addition, Plaintiffs seeks an accounting of
18 | Defendants' profits, as well as interest and costs.

19 |      49.   Based on Defendants' willful infringement, Plaintiff
20 | believes this to be an "exceptional" case which entitles Plaintiff
21 | to attorney's fees pursuant to 35 U.S.C. § 285.

22 |      50.   Defendants have caused, and continue to cause,
23 | irreparable injury to Plaintiff by infringement of Plaintiff's
24 | Patents.

### COUNT FIVE

#### (COMMON LAW UNFAIR COMPETITION)

28 |      51.   Plaintiff hereby incorporates the allegations of

COMPLAINT FOR PATENT INFRINGEMENT

1  Paragraphs 1 through 50, inclusive, above as of fully set forth

2  herein.

3      52.  By their intended wrongful acts alleged herein,

4  Defendants intentionally committed acts of unfair competition

5  within the State of California.

6      53.  On information and belief, Defendants have copied

7  Plaintiff's writing implements and have traded upon Plaintiff's

8  valuable goodwill by selling and offering to sell knock-offs

9  passing them off as lawful and authorized in violation of the

10  common law of the State of California and have been unjustly

11  enriched thereby.

12      54.  By the acts alleged herein, Defendants have

13  misappropriated the commercial value of Plaintiff's design, and

14  thereby adversely affected the value of Plaintiff's goodwill and

15  reputation and hurt Plaintiff's ability to sell its own writing

16  implements.

17      55.  Defendants' acts were willful and malicious and

18  intended to cause harm to Plaintiff, or were done with reckless

19  disregard for Plaintiff's rights thereby entitling Plaintiff to an

20  award of punitive damages.

21      56.  Plaintiff has suffered, is suffering, and will

22  continue to suffer irreparable injury for which Plaintiff has no

23  adequate remedy at law.

24

25                      COUNT IV

26      (CONSTRUCTIVE TRUST - CALIFORNIA CIVIL CODE § 2224)

27      57.  Plaintiff hereby incorporates the allegations of

28  Paragraphs 1 through 56, inclusive, above as of fully set forth

1 | herein.

2 | 58.   Defendants have gained things by fraud, accident,

3 | mistake, or other wrongful acts, as those terms are used in

4 | California Civil Code § 2224, and Defendants have thereby become

5 | involuntary trustees of the things gained, holding them, and any

6 | gain they have created, for the benefit of Plaintiff.

7 | 59.   Plaintiff requests that a constructive trust be

8 | imposed and that Defendants be ordered to disgorge all income they

9 | have received both from sales, plus any earnings or gain of any

10 | sort, on such income deriving from investments, or reinvestment of

11 | such income, or otherwise.

12 |

13 | **PRAYER FOR RELIEF**

14 | WHEREFORE, Plaintiff Cotapaxi Custom Design and Manufacturing,

15 | LLC respectfully demands a judgment against Defendant Fanda

16 | Enterprises, Inc. and Defendants Does 1-10 as follows:

17 | 1.   A judgment that Fanda and the Doe Defendants have

18 | infringed the '406 Patent and the '741 Patent;

19 | 2.   A preliminary and permanent injunction pursuant to

20 | 35 U.S.C. § 283 restraining Fanda, the Doe Defendants and each of

21 | their officers, directors, principals, agents, servants, employees,

22 | attorneys, successors and assigns, and all those acting in concert,

23 | combination, or participation with any of the aforementioned

24 | persons either directly or indirectly, singly or together, from,

25 | *inter alia*, manufacturing, having manufactured, using, selling,

26 | marketing, advertising, offering for sale, importing, and/or

27 | distributing any infringing embodiment of the '406 Patent and/or

28 | the '741 Patent;

12

COMPLAINT FOR PATENT INFRINGEMENT

1          3.    A preliminary and permanent injunction pursuant to

2   35 U.S.C. § 283 restraining Fanda, the Doe Defendants and their

3   officers, directors, principals, agents, servants, employees,

4   attorneys, successors and assigns, and all those acting in concert,

5   combination, or participation with any of the aforementioned

6   persons either directly or indirectly, singly or together, from

7   committing any further infringement of the '406 Patent and/or the

8   '741 Patent;

9          4.    For an Order requiring destruction of all writing

10  implements or other items that infringe the '406 Patent and/or '741

11  Patent, destruction of all sales, marketing, and promotional

12  materials used for the advertising, distribution, offering for

13  sale, and/or sale of said infringing items, and forfeiture of all

14  apparatus used for the manufacture of said infringing items that

15  are in Defendants' possession, custody, or control;

16         5.    For an award of damages in accordance with 35 U.S.C.

17  § 284, including actual damages, and in no event less than a

18  reasonable royalty; and that such damages be trebled because of the

19  willful and deliberate nature of Defendants' conduct; and for an

20  assessment of interest on the damage so computed;

21         6.    For an award to Cotapaxi of its reasonable

22  attorneys' fees and costs of this action pursuant to 35 U.S.C.

23  § 285;

24         7.    For the "total profit" Defendants have made pursuant

25  to 35 U.S.C. § 289;

26         8.    For an award of damages against Defendants pursuant

27  to 15 U.S.C. § 1117; including Defendants' profits and Plaintiff's

28  damages;

1     9.   That the Court find this to be an exceptional case

2 and award attorneys fees pursuant to 15 U.S.C. § 1117;

3     10.   For damages based on unfair competition in an amount

4 subject to proof;

5     11.   For the determination that Defendants are

6 constructive trustees for Plaintiff with respect to any benefit of

7 any sort which they derived from their wrongful acts, fraud, or

8 mistake and that Defendants disgorge all income received from their

9 unlawful or unconscionable acts or omissions, plus any income,

10 profit, or other benefit derived from the investment or use of such

11 income;

12     12.   For an accounting;

13     13.   For interest from the date of the infringement;

14     14.   For punitive damages in an amount sufficient to

15 punish Defendants and make an example of them to others;

16     15.   For an award to Cotapaxi of its costs; and

17     16.   For such other and further relief as the Court deems

18 just and proper.

19

20 Dated: April 18, 2008                    THE SONI LAW FIRM

21

22                                          By: _____

23                                              Surjit P. Soni
                                                Ronald E. Perez
                                                Attorneys for Plaintiff
24                                              Cotapaxi Custom Design
                                                and Manufacturing, LLC
25

26

27

28

---

14                          COMPLAINT FOR PATENT INFRINGEMENT

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable to a jury.


Dated: April 18, 2008          THE SONI LAW FIRM


                               By: _____
                                   Surjit P. Soni
                                   Ronald E. Perez

                               Attorneys for Plaintiff
                               Cotapaxi Custom Design
                               and Manufacturing, LLC

Email Cart | General Info | Contact    KEYWORD    Search



**FANDA** DBA **PromoFactory**

*ASI 53616 | PPAI 191785*

Product Search
ANY CATEGORY
ANY PRICE    Search

HOME | COMPANY | PRODUCTS | BEST SELLER | PROMOTION | UPLOAD ARTWORK | RECOGNITION | CONTACT | NEWS & EVENTS

**FANDA** provides the best customer service with quality products and equitable pricing.

Hello, !

Click here to register an account .

User Name

Login
Forgot password?
Alliance Window

Product Category
Awards
CD Holders
Clearance
Computer Accessories
Custom Products
Drinkware
Gift Sets
Key Chains
Light-Up Pens
Metal Pens
Multi-Function Pens
Packaging
Plastic Pens
Portfolios
Promotion
Wood Pens

Home > Products > Plastic Pens



**B007**

Tracet

Plastic ball pen, push action mechanism

Material: Plastic

Color: Blue, Green, Red, Yellow

Imprint Area: 1/4"x1-1/4"

Production Time: 7-10 working days

Please login to email product information

| Quantity | 500 | 1,000 | 2,500 | 5,000 | 10,000 (5R) |
|---|---|---|---|---|---|
| Unit Price | $0.90 | $0.85 | $0.80 | $0.75 | $0.70 |

Note 1:   • Unit Prices (for all metal pens and key chains) include one location laser engrave or one color silk-screen imprint.
• Unit Prices (for all plastic pens, CD Holders, Portfolios) include one color silk-screen imprint.
• Unit Prices (for all packaging products) do NOT include imprint.
• Unit Prices (for all Crystal products) include one location sand blasting etching.
• Please contact our customer service team or click here for general charges.

Note 2:

Related Product

Copyright 2004-2005, Fanda PromoFactory. All rights reserved.
For Technical Support: Symbiosis Creative

**EXHIBIT**
tabbies
**A**

US00D475406S

(12) **United States Design Patent**   (10) Patent No.:   **US D475,406 S**
Cetera                                  (45) Date of Patent:   ** **Jun. 3, 2003**

(54) **PEN**

(75)  Inventor:   **Carl Cetera**, Tenafly, NJ (US)

(73)  Assignee:   **Cotapaxi, Inc.**, Englewood, NJ (US)

(**)  Term:   **14 Years**

(21)  Appl. No.: **29/165,199**

(22)  Filed:   **Aug. 5, 2002**

(51)  LOC (7) Cl. ................................................ **19-06**
(52)  U.S. Cl. ............................. **D19/48**; D19/56; D19/55
(58)  Field of Search ....................... D19/35, 36, 41–48,
                    D19/49–51, 53–58, 81–85; 401/6, 7, 88,
                    99, 100, 101, 103–106, 107–110, 111–117,
                                                           209

(56)              **References Cited**

            U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D319,845 | S | * | 9/1991 | Grotsch et al. | D19/48 |
| D329,874 | S | * | 9/1992 | Cuadrado | D19/48 |
| D345,577 | S | * | 3/1994 | Hohner | D19/48 |
| D395,674 | S | * | 6/1998 | Gacia | D19/51 |

| | | | | | |
|---|---|---|---|---|---|
| 6,273,626 | B1 | * | 8/2001 | Yazawa | 401/6 |
| D454,589 | S | * | 3/2002 | Pellissa Beneyto | D19/48 |
| 6,375,373 | B2 | * | 4/2002 | Izushima | 401/6 |
| D456,845 | S | * | 5/2002 | Rommel | D19/49 |

* cited by examiner

*Primary Examiner*—Martie K. Holtje
(74) *Attorney, Agent, or Firm*—Andrew S. Naglestad; Mark
D. Nielsen; The Soni Law Firm

(57)              **CLAIM**

The ornamental design for a pen, as shown and described.

            **DESCRIPTION**

FIG. 1 is a perspective view of a pen;
FIG. 2 is a front elevational view of the pen of FIG. 1;
FIG. 3 is a rear elevational view of the pen of FIG. 1;
FIG. 4 is a right side elevational view of the pen of FIG. 1;
FIG. 5 is a top plan view of the pen of FIG. 1; and,
FIG. 6 is a bottom plan view of the pen of FIG. 1.
The left side elevational view of the pen shown in FIG. 1 is
opposite from and a mirror image of the right side eleva-
tional view of FIG. 4.

            **1 Claim, 1 Drawing Sheet**



**EXHIBIT**
*tabbies*
**B**

**U.S. Patent**          Jun. 3, 2003          US D475,406 S



fig.1

fig.2

fig.3

fig.4

fig.5          fig.6

US00D475741S

(12) **United States Design Patent**        (10) Patent No.:        **US D475,741 S**
　　　Cetera        (45) Date of Patent:        ** **Jun. 10, 2003

(54) **PEN**

(75) Inventor: **Carl Cetera**, Tenafly, NJ (US)

(73) Assignee: **Cotapaxi, Inc.**, Englewood, NJ (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/165,188**

(22) Filed: **Aug. 5, 2002**

(51) LOC (7) Cl. ................................................... **19-06**
(52) U.S. Cl. ......................................... **D19/51**; D19/56
(58) Field of Search ........................ D19/35, 36, 41–51,
　　　　　　D19/53–58, 81–85; 401/6, 7, 88, 99, 100,
　　　　　　101, 103–106, 107–110, 111–117, 209

(56)        **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D319,845 S | * | 9/1991 | Grotsch et al. ............... D19/48 |
| D338,915 S | * | 8/1993 | Willat ......................... D19/51 |
| D345,577 S | * | 3/1994 | Hohner ........................ D19/48 |
| 5,988,909 A | * | 11/1999 | Luke, Jr. et al. ................ 401/6 |
| D424,110 S | * | 5/2000 | Hu ............................... D19/51 |
| D443,896 S | * | 6/2001 | Briggi et al. ................ D19/49 |

| | | | |
|---|---|---|---|
| D448,805 S | * | 10/2001 | Willat et al. ................. D19/55 |
| D454,589 S | * | 3/2002 | Pellissa Beneyto ......... D19/48 |
| D456,845 S | * | 5/2002 | Rommel ...................... D19/49 |
| D470,530 S | * | 2/2003 | Moon .......................... D19/55 |

* cited by examiner

*Primary Examiner*—Martic K. Holtje
(74) *Attorney, Agent, or Firm*—Andrew S. Naglestad; Mark D. Nielsen; The Soni Law Firm

(57)        **CLAIM**

The ornamental design for a pen, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a pen;
FIG. 2 is a front elevational view of the pen of FIG. 1;
FIG. 3 is a rear elevational view of the pen of FIG. 1;
FIG. 4 is a right side elevational view of the pen of FIG. 1;
FIG. 5 is a top plan view of the pen of FIG. 1; and,
FIG. 6 is a bottom plan view of the pen of FIG. 1.
The left side elevational view of the pen shown in FIG. 1 is opposite from and a mirror image of the right side elevational view of FIG. 4.

**1 Claim, 1 Drawing Sheet**



**EXHIBIT**
**C**
tabbies

**U.S. Patent**          Jun. 10, 2003          US D475,741 S





EXHIBIT

D













